1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6

7    UNITED STATES,                          )
                                             )
8                     Plaintiff,             )    Case No.  2:13-cr-00332-JCM-CWH
                                             )
9    vs.                                     )    **ORDER**
                                             )
10   JOHNNY JONES,                           )
                                             )
11                    Defendant.             )
     _____)

12
             This matter is before the Court on Third-Party Las Vegas Metropolitan Police Department's
13
     ("LVMPD") Emergency Motion to Quash Subpoena Duces Tecum (#17), filed November 27,
14
     2013; Defendant's Response (#22), filed December 11, 2013; and LVMPD's Reply (#23), filed
15
     December 13, 2013.
16
                                        **BACKGROUND**
17
             On August 27, 2013, the Grand Jury returned an Indictment charging Defendant Johnny
18
     Jones ("Jones") with two counts of violation of 18 U.S.C. § 922(g)(1), convicted felon unlawfully
19
     in possession of a firearm.  (#1).  The Indictment includes forfeiture allegations pursuant to 18
20
     U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).  Jones made his initial appearance before the
21
     undersigned on September 5, 2013, where he was ordered detained pending trial.  (#4).  The case is
22
     not complex and is governed by a joint discovery agreement.  (#10).  Trial is currently set for
23
     March 3, 2014.
24
             On or about October 17, 2013, Jones, through his appointed counsel, served a subpoena on
25
     the custodian of records for LVMPD to appear and produce the following: (1) certified copies of
26
     all records, investigative files, and findings regarding the complaint made by Jones against
27
     LVMPD Officer Kathleen Geiger ("Officer Geiger"), and (2) all certified complaints, investigative
28
     files, and findings from any complaint ever made against Officer Geiger.  *See* Ex. A attached to

1    LVMPD Mot. (#17). LVMPD represents that it disclosed a copy of the complaint made by Jones
2    against Officer Geiger and the associated Citizens' review board regarding Officer Geiger on
3    November 27, 2013, the day it filed this motion. *See* Affidavit of Jaime Frost ("Frost Aff.") at ¶ 5.
4    LVMPD, however, refused to produce any other complaints, investigative files, or findings of
5    investigations claiming that Jones is improperly using Fed. R. Crim. P. 17(c) to engage in a fishing
6    expedition in hopes something turns up and cannot articulate the relevancy, materiality, or
7    admissibility of the information sought. LVMPD did agree to provide a list "of the [Internal
8    Affairs] investigations which Officer Geiger has been involved in, the disposition from the Citizen
9    Review Board Complaint from Jones, and letters from the Citizen Review Board to Officer Geiger
10   and Jones" for in-camera review.

11   In response, Defendant Jones argues that Officer Geiger was heavily involved in the
12   underlying investigation which led to Jones' arrest. The involvement included receiving and
13   executing a telephonic search warrant, which resulted in the seizure of evidence and arrest of
14   several individuals, including Jones. He claims that the complaint he made against Officer Geiger
15   and the results of any investigation by the LVMPD Citizens Review Board are relevant to establish
16   whether Geiger's actions were "improper and led to an invalid search warrant." He also claims the
17   complaint is relevant for impeachment purposes at trial. Defendant Jones asserts his request for
18   materials related to complaints made by other individuals against Officer Geiger are not a fishing
19   expedition, but are relevant to demonstrate a pattern of routine misconduct on the part of Officer
20   Geiger. Lastly, Defendant Jones argues that LVMPD failed to demonstrate that compliance with
21   the subpoena would be unreasonable or oppressive. Jones agreed to an order requiring LVMPD to
22   submit a list of the Internal Affairs investigations involving Officer Geiger for *in camera* review.

23   In reply, LVMPD reasserts its position that the subpoena should be quashed and a
24   protective order issue. It also reasserts its position that the subpoena is an improper fishing
25   expedition. LVMPD notes that there are several different policies or regulations for which an
26   officer can be investigated that have nothing to do with this criminal case, no bearing on
27   credibility, and no impeachment value. The reasons proffered as to why the requested information
28   is relevant and material are, according to LVMPD, simply conclusory allegations of relevancy that

1 | should be rejected.

2 | On December 19, 2013, shortly after the close of briefing on this issue, the Court issued a

3 | minute order requiring LVMPD to "submit a list of all Internal Affair investigations in which

4 | Officer Geiger has been involved (including a summary for each investigation, the disposition from

5 | the Citizen Review Board Complaint, and letters from the Citizen Review Board to Officer Geiger

6 | and Defendant Jones for in camera review." *See* Min. Order (#24). The requested information was

7 | submitted in a timely manner and the undersigned has had the opportunity to review the materials.

8 | **DISCUSSION**

9 | Federal Rule of Civil Procedure 17(c) establishes the process by which federal courts can

10 | issue subpoenas *duces tecum* for the production of evidence before trial. Rule 17, in pertinent

11 | part, provides:

12 | A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness

13 | to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and

14 | their attorneys to inspect all or part of them.

15 | Fed. R. Crim. P. 17(c)(1). The standards governing the issuance of subpoenas *duces tecum* under

16 | Rule 17(c) were analyzed in *United States v. Sellers*, 275 F.R.D. 620 (D. Nev. 2011). Courts have

17 | discretion to direct that a subpoena *duces tecum* be made returnable before trial. Nevertheless, the

18 | law is clear that Rule 17 is not a discovery device. *Sellers*, 275 F.R.D. at 622-23 (collecting cases);

19 | *see also e.g.*, *United States v. Nixon*, 418 U.S. 683, 689 (1974). As noted in *Sellers*, "[l]eave of

20 | court is required for a pretrial subpoena *duces tecum*." *Id*. at 623 (citation omitted). The Supreme

21 | Court has stated that "[e]nforcement of a pretrial subpoena *duces tecum* must necessarily be

22 | committed to the sound discretion of the trial court since the necessity for the subpoena most often

23 | turns upon a determination of factual issues." *Nixon*, 418 U.S. at 702.

24 | The moving party bears the burden of showing good cause for the requested pretrial

25 | production. Generally, courts look to the factors first identified in *United States v. Iozia*, 13 F.R.D.

26 | 335 (S.D.N.Y. 1952) for guidance in determining whether pretrial production is appropriate. *See*

27 | *Nixon*, 418 U.S. at 699. The *Iozia* standard requires a showing: (1) that the documents are

28 | evidentiary and relevant; (2) that the documents are not otherwise procurable reasonably in

advance of trial by exercise of due diligence; (3) that the defendant cannot properly prepare for

trial without production in advance of trial and that failure to obtain the documents may

unreasonably delay the trial; and (4) that the application is made in good faith and not intended as a

fishing expedition. *Nixon*, 418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338

(S.D.N.Y. 1952)).

Against the backdrop of *Ioza*, the Supreme Court identified "three hurdles" that a moving

party must clear in order to carry his burden: relevancy, admissibility, and specificity. *Nixon*, 418

U.S. at 700. The moving party must "show the evidentiary nature of the requested materials ...."

*United States v. Skeddle* 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of

relevance or admissibility are not sufficient. *Sellers*, 275 F.R.D. at 623-24 (citations omitted).

Documents requested in a Rule 17(c) subpoena must have more than some potential relevance or

evidentiary use, there must be a sufficient likelihood that the requested material is relevant to the

offenses charged in the indictment. *Id.* at 624 (citing *Nixon*, 418 U.S. at 700). The specificity

requirement "ensures that the subpoenas are used only to secure for trial certain documents or

sharply defined groups of documents." *Id*. (quoting *United States v. Jackson*, 155 F.R.D. 664, 667

(D. Kan. 1994)). Requiring specificity also protects against Rule 17(c) subpoenas being used

improperly to engage in fishing expeditions. *Id*. (citation omitted). A subpoena may be quashed or

modified "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

After review, the Court finds that Defendant Jones has not met his burden to demonstrate

that the requested information is relevant, admissible, or that the request is sufficiently specific. In

conclusory fashion, Jones claims information regarding the internal investigation of the complaint

he made against Officer Geiger for alleged actions undertaken during this case are relevant "to

establish whether Officer Geiger's actions in [this] case were improper and led to an invalid search

warrant." This circular reasoning is insufficient to demonstrate relevance. The allegations

underlying the complaint are obviously known to Jones, he made them. Officer Geiger's actions in

the investigation and arrest of Jones in this case are also known. To the extent the actions were

improper or were premised on illegal police action, Jones has had every opportunity to challenge

those actions through the filing of motions, including a motion to suppress or for a *Franks* hearing.

4

1   The internal investigation adds nothing to the underlying facts and allegations from Jones. Jones'

2   claim that the investigative material is "admissible at trial for impeachment purposes" is entirely

3   conclusory and is not supported by any reasoning or argument. Consequently, Jones has not met

4   his burden to show the information is admissible.

5       The request for materials related to all other complaints made by other individuals against

6   Officer Geiger and any investigation reports thereto also fails. Contrary to Jones contention, the

7   request does not satisfy the specificity requirement. Rather than limit the request to other similar

8   complaints, Jones has cast the broadest possible net in hopes something turns up. This is, simply

9   put, an improper fishing expedition. As LVMPD points out, complaints and investigations can be

10  initiated for a wide variety of reasons, including reasons unrelated to the alleged wrongdoing.

11  Moreover, the Court rejects the notion that this information is relevant to show that Officer

12  Geiger's actions "in other cases are similar to alleged improper actions in this case and to establish

13  a routine of misconduct." The mere filing of a complaint does not mean the alleged action was

14  improper or that there has been misconduct. If this were true, there would be nothing to prevent

15  defendants from simply making allegations of official misconduct in order to rummage through

16  other police records that they are otherwise not entitled to. As before, unsupported allegations of

17  admissibility for purposes of impeachment are insufficient.

18      Despite the foregoing, the Court did review the documents submitted *in camera*. The

19  documents were unremarkable and do not warrant the broad disclosure sought by Defendant Jones.

20  LVMPD has produced the complaint made by Defendant Jones against Officer Geiger and the

21  Citizens Review board relating thereto. This disclosure is sufficient.

22      Based on the foregoing and good cause appearing therefore,

23      **IT IS HEREBY ORDERED** that Third-Party Las Vegas Metropolitan Police

24  Department's Emergency Motion to Quash Subpoena Duces Tecum (#17) is **granted**.

25      DATED: January 30, 2014.

26

27  _____

    **C.W. Hoffman, Jr.**
28  **United States Magistrate Judge**

5